IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON PATTEN, | 1:13-cv-00346-GSA (PC) |
| Plaintiff, | |
| vs. | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| J. WALKER, et al, | |
| Defendants. | ( #11) |
| _____/ | |

On June 28, 2013, plaintiff filed a renewed motion seeking the appointment of counsel. Plaintiff argues that counsel should be appointed because he has been denied access to the law library, he was denied access to legal materials, his related case in the Northern District of California is likely to succeed on the merits, and he wishes to consolidate his cases in the Eastern, Central, and Northern Districts. In the alternative, plaintiff requests appointment of counsel for the limited purpose of assisting with a motion to consolidate his cases.

As plaintiff was previously advised, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a

1 reasonable method of securing and compensating counsel, the court will seek volunteer counsel
2 only in the most serious and exceptional cases. In determining whether "exceptional circumstances
3 exist, the district court must evaluate both the likelihood of success of the merits [and] the ability
4 of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues
5 involved." Id. (internal quotation marks and citations omitted).

6     In the present case, the court does not find the required exceptional circumstances. The fact
7 that plaintiff wishes to bring a motion to consolidate his cases, that plaintiff's related case may be
8 likely to succeed on the merits, or that plaintiff presently lacks access to legal materials and the law
9 library, does not cause this case to be exceptional. Plaintiff's claim that defendants provided him
10 with inadequate dental treatment is not complex, and this court is faced with similar cases almost
11 daily. At this early stage in the proceedings, the court cannot make a determination that plaintiff
12 is likely to succeed on the merits, and based on a review of the record in this case, the court does
13 not find that plaintiff cannot adequately articulate his claims or respond to court orders. Id.

14     Therefore, for the foregoing reasons, plaintiff's renewed motion for the appointment of
15 counsel is HEREBY DENIED, without prejudice.

16     IT IS SO ORDERED.

17     **Dated:   July 8, 2013**        /s/ **Gary S. Austin**
18                                               UNITED STATES MAGISTRATE JUDGE
19
20
21
22
23
24
25
26
27
28