UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON PATTEN,<br><br>          Plaintiff,<br><br>vs.<br><br>J. WALKER, *et al.*,<br><br>          Defendants. | Case No. 1:13-cv-00346-RRB<br><br>**<u>DISMISSAL ORDER</u>** |

Plaintiff Jason Patten, a former California state prisoner appearing *pro se* and *in forma pauperis*, brings this civil rights action under 42 U.S.C. § 1983 against various individuals employed by the California Department of Corrections and Rehabilitation.[1] This action arose during the time that Patten was incarcerated at the San Quentin State Prison and Avenal State Prison. The record reflects that Patten was released on parole on or prior to March 5, 2014.[2]

///

///

---

[1] In addition to Walker, Chief, Office of Appeals, Patten names as Defendants: California Correctional Health Services;  Donald C. Moody, DDS; Robert Justice, DDS; Mark M. Sakai, DDS; Dean J. Robinson, DDS; R. Rivera, DDS; Don Goshgarian, DDS; Randi Blashaw; J. Nay; Bryan Quattlebaum, DDS; Don Lindquist, DDS; W. Jennings, DMD; R. Prud'homme; Charles Frank Stone, DDS; Fouad Kiani, DDS; Samuel Oglesby, DDS; Terry Briscoe, RDA; William Kushner, DDS; L. Gomness, RDA; Lee, DDS; and Does 1 – 6.

[2] Dockets 13, 14.

## I.     SCREENING REQUIREMENT

This Court is required to screen complaints brought by prisoners seeking relief

against a governmental entity or officer or employee of a governmental entity.[3] This Court

must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that "fails to state a claim on which relief may be granted," or that

"seeks monetary relief against a defendant who is immune from such relief."[4] Likewise, a

prisoner must exhaust all administrative remedies as may be available,[5] irrespective of

whether those administrative remedies provide for monetary relief.[6]

In determining whether a complaint states a claim, the Court looks to the pleading

standard under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must

contain "a short and plain statement of the claim showing that the pleader is entitled to

relief."[7] "[T]he pleading standard Rule 8 announces does not require 'detailed factual

allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

accusation."[8] Failure to state a claim under § 1915A incorporates the familiar standard

---

[3] 28 U.S.C. § 1915A(a).

[4] 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c); *see Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

[5] 42 U.S.C. § 1997e(a); *see Woodford v. Ngo*, 548 U.S. 81, 93–95 (2006) ("proper exhaustion" under § 1997e(a) is mandatory and requires proper adherence to administrative procedural rules); *Booth v. Churner*, 532 U.S. 731, 741 (2001) (exhaustion of administrative remedies must be completed before filing suit).

[6] *See Booth*, 532 U.S. at 734.

[7] Fed. R. Civ. P. 8(a)(2).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

applied in Federal Rule of Civil Procedure 12(b)(6), including the rule that complaints filed by *pro se* prisoners are to be liberally construed, affording the prisoner the benefit of any doubt, and dismissal should be granted only where it appears beyond doubt that the plaintiff can plead no facts in support of his claim that would entitle him or her to relief.[9]

This requires the presentation of factual allegations sufficient to state a plausible claim for relief.[10] "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"[11]  Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.[12] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[13]

## II.     GRAVAMEN OF COMPLAINT

Patten suffers from serious dental deficiencies, including numerous cavities and broken teeth. Patten alleges that he was denied adequate dental care starting while incarcerated at San Quentin between August 21, 2008 and April 3, 2009. Patten further alleges that the inadequate dental care continued after his transfer to Avenal State Prison through the date of his complaint.

---

[9] *Wilhelm v. Rotham*, 680 F.3d 1113, 1121 (9th Cir. 2012).

[10] *Iqbal*, 556 U.S. at 678–69; *see Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting and applying *Iqbal* and *Twombly*).

[11] *Iqbal* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

[12] *Id.*

[13] *Id.* (quoting *Twombly*, 550 U.S. at 555).

As requested by Patten, this Court takes judicial notice of three cases:[14]

1. *Jason Patten v. California Correctional Health Care Services*, Northern District of California Case No. C11-02057-LHK(PR); appeal pending *sub nom*, *Patten v. Stone*, Ninth Circuit Case No. 14-15542.

2. Jason Patten v. J. Walker, Central District of California Case No. CV11-01633-DSF(PR); appeal pending *sub nom Patten v. Clark*, Ninth Circuit Case No. 13-57067.

3. *Perez v. Tilton*, Case No. C-05-05241-JSW, in the Northern District of California (a class action challenging the quality of dental care provided by the California Department of Corrections and Rehabilitation).[15]

As acknowledged by Patten each of these three cases involve at least some of the claims raised in this case.

## III.    DISCUSSION

As presented to this Court, as discussed in detail below, Patten's Complaint is deficient in several respects. Initially, the Court notes with a significant degree of displeasure that Patten's Complaint takes a "shotgun" approach: naming as a defendant nearly every person involved in his dental care at both prisons no matter how indirectly that person was involved in providing dental care.

///

///

---

[14] Fed. R. Evid. 201.

[15] The record in that case indicates that it was resolved by the entry of a consent decree.  *Perez v. Tilton*, 2006 WL 2433240 (N.D. Cal. August 21, 2006).

*California Health Care Services*

Patten's claim against California Health Care Services runs afoul of the Eleventh Amendment. The Supreme Court has held that "states or governmental entities that are considered 'arms of the State' for Eleventh Amendment" are not "persons" under § 1983.[16] Thus, the Complaint against California Health Care Services must be dismissed without leave to amend.

*Incarceration at San Quentin*

Patten's claims arising out of his incarceration at San Quentin fail on two separate bases. First, as San Quentin is located in Marin County part of the Northern District of California, venue on those claims is properly in that District, not the Eastern District.[17] Second, those claims were or could have been raised in the case filed in the Northern District, *Patten v. CDCR*, No. C11-02057-LHK(PR). Consequently, the Complaint against J. Walker, Chief, Office of Appeals; William Kushner, DDS; Charles Frank Stone, DDS; Fouad Kiani, DDS; and Lee, DDS, will also be dismissed without leave to amend.

*Exhaustion of Administrative Remedies*

As to the remaining claims arising out of his incarceration at Avenal it appears from the record that Patten has not exhausted his administrative remedies. Exhaustion of administrative remedies prior to bringing suit is required irrespective of the relief sought by

---

[16] *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 70 (1989); *see Brown v. Cal. Dep't of Corrs.*, 554 F.3d 747, 751 (9th Cir. 2009) (California Department of Corrections entitled to Eleventh Amendment immunity).

[17] *See* 28 U.S.C. §§ 84(a), 1391(b), 1406(a).

the prisoner and regardless of the relief provided by the process.[18] Although not

jurisdictional, exhaustion is nonetheless mandatory, and there is no discretion to excuse

it.[19] "Proper exhaustion" means "complet[ing] the administrative review process in

accordance with the applicable rules."[20] "The level of detail necessary in a grievance to

comply with the grievance procedures will vary from system to system and claim to claim,

but it is the prison's requirements, and not the PLRA, that define the boundaries of proper

exhaustion."[21] California provides a three-step administrative procedure for prisoner

grievances.[22] It appears from the Complaint that Patten did not comply with the California

administrative procedure with respect to his incarceration at Avenal.

Here it appears that Patten contends that by seeking the assistance of the Prison

Law Office in connection with his complaint he is somehow excused from exhausting his

administrative remedies. As noted by the Central District in an earlier case brought by

Patten, not only is this incorrect, but Patten was expressly advised by the PLO that PLO's

---

[18] 42 U.S.C. § 1997e(a) (mandating that "[n]o action shall be brought . . . until [the prisoner's] administrative remedies . . . are exhausted."); *Booth v. Churner*, 532 U.S. 731, 742 (2001).

[19] *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

[20] *Jones v. Bock,* 549 U.S. 199, 218 (2007).

[21] *Id.*

[22] Cal. Code Regs. tit. 15, § 3084.1(b) ("Unless otherwise stated in these regulations, all appeals are subject to a third level of review, as described in section 3084.7, before administrative remedies are deemed exhausted.  All lower level reviews are subject to modification at the third level of review.").  Section 3084.7 provides for three levels of review, the third level conducted by the Secretary of the California Department of Corrections and Rehabilitation, or by a designated representative.

involvement did not excuse him from the exhaustion requirement.[23]  Patten is warned that

failure to properly exhaust his administrative remedies will result in summary dismissal.

> *Deliberate Indifference Claims*

As to the remaining The Supreme Court, holding that the infliction of unnecessary

suffering on prisoners violated the Eighth Amendment, stated:

> [D]eliberate indifference to serious medical needs of prisoners constitutes
> the unnecessary and wanton infliction of pain proscribed by the Eighth
> Amendment.  This is true whether the indifference is manifested by prison
> doctors in their response to the prisoner's needs or by prison guards in
> intentionally denying or delaying access to medical care or intentionally
> interfering with the treatment once prescribed. Regardless of how evidenced,
> deliberate indifference to a prisoner's serious illness or injury states a cause
> of action under § 1983.[24]

In *Estelle* the Supreme Court distinguished "deliberate indifference to serious medical

needs of prisoners," from "negligen[ce] in diagnosing or treating a medical condition,"

holding that only the former violates the Constitution.[25]  In short, Eighth Amendment liability

requires "more than ordinary lack of due care for the prisoner's interests or safety."[26]

In determining deliberate indifference, the court scrutinizes the particular facts and

looks for substantial indifference in the individual case, indicating more than mere

---

[23] *Patten v. Walker*, 2013 WL 6056446 at *7 (C.D. Cal. November 13, 2013).

[24] *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976) (footnotes, internal quotation marks and citations omitted).

[25] *Id.* at 106.

[26] *Whitley v. Albers,* 475 U.S. 312, 319 (1986).

negligence or isolated occurrences of neglect.[27] The Ninth Circuit has spoken to the subject

of the appropriate test under *Estelle*:

> In the Ninth Circuit, the test for deliberate indifference consists of two parts. First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong—defendant's response to the need was deliberately indifferent—is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care. Yet, an inadvertent [or negligent] failure to provide adequate medical care alone does not state a claim under § 1983. A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs. If the harm is an isolated exception to the defendant's overall treatment of the prisoner [it] ordinarily militates against a finding of deliberate indifference.[28]

A defendant must purposely ignore or fail to respond to a prisoner's pain or medical

need in order for deliberate indifference to be established. Where the claim is based upon

delay in providing a specified treatment, a prisoner has no claim for deliberate medical

indifference unless the delay was harmful.[29]  The Court must apply this standard to each

of the Avenal Defendants.

///

///

---

[27] *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

[28] *Jett v. Penner*, 429 F.3d 1091, 1096 (9th Cir. 2006) (internal quotation marks and citations omitted).

[29] *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

**Blashaw/Nay**

Although it is unclear from the Complaint, it appears that Patten is contending that Defendants Randi Blashaw and J. Nay, appeals coordinators, in some manner violated his rights with respect to the processing of his inmate grievances (CDC 602s). More specifically, Patten contends that by failing to notify dental staff or otherwise provide him dental treatment and rejecting his grievances on procedural grounds they exhibited deliberate indifference to his serious medical needs.

The insurmountable problem facing Patten is that he did not avail himself of the available administrative remedy, i.e., re-submission using the appropriate procedure. Thus, any injury Patten may have suffered was the result of his own inaction, not any deliberate indifference on the part of the appeals coordinators.

**R. Prud'Homme**

Although named as a Defendant, nothing in the body of the Complaint contains any allegations of wrongful conduct by Prud'Homme.  Indeed, Prud'Homme is not referred to at all in the body of the Complaint. Thus, the Complaint clearly fails to state facts sufficient to warrant the granting of relief in any form as against Prud'Homme. Consequently, the Complaint must be dismissed as against Prud'Homme.

///

///

///

///

**Remaining Defendants**

As to the remaining Defendants,[30] the allegations of the Complaint, although for the most part vague and conclusory, are sufficient to at least facially indicate a reasonable probability that he may plead a viable cause of action for deliberate indifference as against some of those Defendants.[31] On the other hand, as discussed below, as presently structured it appears more likely than not that Patten is barred from bringing these claims in this proceeding by the terms of the consent decree in *Perez*.

In amending his Complaint, in addition to addressing the effect of the consent decree, as to each of those Defendants Patten should concisely and clearly state without elaboration the following facts: (1) the act or failure to act upon which the claim for relief is based; (2) the date(s) upon which the act or failure to act occurred; and (3) the injury or harm resulting from that act.

*Consent Decree*

To the extent that Patten bases his claims on an alleged violation of the consent decree in *Perez* it fails to state a claim for violation of Patten's federal rights cognizable in this Court. The violation of consent decrees, settlements, or injunctions in other cases does

---

[30] Donald C. Moody, DDS; Robert Justice, DDS; Mark M. Sakai, DDS; Dean J. Robinson, DDS; R. Rivera, DDS; Don Goshgarian, DDS; Bryan Quattlebaum, DDS; Don Lindquist, DDS; W. Jennings, DMD;; Samuel Oglesby, DDS; Terry Briscoe, RMD; and L. Gomness, RDA.

[31] The Court notes that for the most part Patten's claims are based upon an alleged delay in providing appropriate dental treatment. Patten is reminded that as to each Defendant Patten bears the burden of proof as to each element of his claims. Thus, Patten must show that each Defendant had the ability to provide or order the appropriate treatment within prison guidelines.

not provide liability in this action.[32]  Additionally, paragraph 11 of the stipulation entered in

*Perez* specifically states that "[n]othing in this Stipulation shall be construed to require more

of Defendants than is required under the Eighth Amendment."  Thus, the Court will dismiss

Patten's claim to the extent it is based upon a violation of *Perez*. As he has been previously

advised, should Patten wish to dispute that the California Department of Corrections is

satisfying its obligations under the Eighth Amendment in accordance with *Perez,* he may

utilize the dispute resolution procedures in paragraphs 36–38 of the stipulated

agreement.[33]

*Filing Fee*

With respect to waiver of a filing fee by a person proceeding *in forma pauperis*

("IFP"), it is unclear from the language of 28 U.S.C. § 1915 whether it extends to filings by

non-prisoners. The Ninth Circuit has not specifically ruled on this question, and the other

circuits are split on the issue.[34] In the absence of controlling authority, this Court adopts the

---

[32] *See Frost v. Symington,* 197 F.3d 348, 353 (9th Cir.1999) (where litigant seeks enforcement of consent decree, litigant must proceed through class counsel in the action in which the consent decree entered); *Coleman v. Wilson,* 912 F.Supp. 1282, 1294 (E.D. Cal.1995) (same).

[33] *See Patten v. Stone*, 2012 WL 4761908 (N.D. Cal. October 5, 2012) citing *Perez,* No. C 05–05241 JSW (N.D. Cal.) (stipulated agreement filed August 21, 2006).

[34] *Compare Gay v. Texas Dep't of Corr.*, 117 F.3d 240, 241–42 (5th Cir. 1997), *In re Smith*, 114 F.3d 1247, 1251–52 (D.C. Cir. 1997) and *Robbins v. Switzer*, 104 F.3d 895, 897–99 (7th Cir. 1997) (holding that § 1915(b)(1) requires payment in full) *with Brown v. Eppler*, 725 F.3d 1221, 1231 n. 7 (10th Cir. 2013), *DeBlasio v. Gilmore*, 315 F.3d 396, 397 (4th Cir. 2010), *In re Prison Lit. Reform Act*, 105 F.3d 1131, 1138–39 (6th Cir. 1997), and *McCann v. Comm'r, Soc. Sec. Admin.*, 96 F.3d 28, 29–30 (2d Cir. 1996) (holding that after release a prisoner is not required to pay the full amount of the filing fee, but may continue to make partial payments to the extent of his/her ability).

reasoning of its sister districts, the District of Nevada and the Southern District of California, that allowing a non-prisoner litigant to proceed IFP is within the sound discretion of the district court.[35]  Based upon Patten's litigation history as well as the allegations of the Complaint, this Court in the exercise of its discretion has determined that revocation of Patten's IFP status is warranted.[36]

## IV.   ORDER

Based upon the foregoing:

1. The Complaint as against Defendants California Correctional Health Care Services, J. Nay, Randi Blashaw, J. Walker, Chief, Office of Appeals, Charles Frank Stone, DDS; Fouad Kiani, DDS, and Lee, DDS is hereby **DISMISSED** in its entirety without leave to amend.

2. The Complaint as against all other Defendants is hereby **DISMISSED** with leave to amend.

3. Plaintiff's *in forma pauperis* status is hereby **REVOKED**.

4. Plaintiff is granted through and including **July 15, 2015**, within which to file his Amended Complaint, and pay the filing fee.

---

[35] *Putzer v. Attal*, 2013 WL 4519351 (D. Nev. Aug. 23, 2013) (unpublished slip op.); *Turner v. San Diego County*, 2014 WL 5800595 (S.D. Cal. Nov. 7, 2014) (unpublished slip op.).

[36] The Court notes that, in addition to the two case to which Patten requested the Court take judicial notice, Patten has had at least three other civil rights cases that were decided against Patten:  *Patten v. County of Lake*, 479 Fed. Appx. 781 (9th Cir. 2012); *Patten v. Mitchell*, 479 Fed. Appx. 781 (9th Cir. 2012), *cert. den.* 133 S. Ct. 1636 (2013); *Patten v. Alameida*, 2006 WL 1455447 (E.D. Cal. May 25, 2006) (unpublished slip op.).

The Motion for Status at **DOCKET 14** is **DENIED** as moot.

*In the event that Plaintiff fails to file an amended complaint together with the unpaid filing fee, and otherwise comply with the provisions of this Order within the time ordered by the Court, the Court may dismiss this action without further notice*.

**IT IS SO ORDERED** this 8th day of June, 2015.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE
